IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZACHARY RAY STEELE, <br> MARY CATHERINE STEELE and <br> MARK STEELE <br> Plaintiffs, <br><br> vs. <br><br> NEBRASKA EVANGELICAL LUTHERAN HIGH SCHOOL, and WISCONSIN EVANGELICAL LUTHERAN SYNOD, JOHN DOE, EXACT NAME UNKNOWN, JANE DOE, EXACT NAMES UNKNOWN <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE ID: <br><br><br><br> COMPLAINT |

Plaintiffs, through their undersigned attorneys, allege upon their knowledge and upon information and belief as to all other matters as follows:

**JURISDICTION AND VENUE**

1.      At all times relevant hereto, Plaintiff Zachary Ray Steele was a citizen of the State of Arkansas.  Mary Catherine Steele and Mark Steele were at all times relevant to this litigation, residents of Arkansas, and now reside in Washington.

2.      At all times relevant hereto, Defendant Nebraska Evangelical Lutheran High School. was a private Lutheran Boarding School operating in Waco, Nebraska, under the ownership of the Wisconsin Evangelical Lutheran Synod (hereinafter WELS). and having its principal place of business located in the State of Wisconsin. John Doe and Jane Doe were at all times relevant to this action, residents of the State of Nebraska, and were either employed by one or both of the above named defendant's, or were otherwise responsible for directing and supervising the actions of others in regard to the care of Zachary Ray Steele.

3. At all times relevant hereto, Defendant Nebraska Evangelical Lutheran High School (hereinafter NELHS) operated a private school in Waco, Nebraska that provided academic and extra-curricular programs for its students. That NELHS retained and employed individuals assigned to supervise and monitor the students, including Zachary Ray Steele during the course of their enrollment at the school.

4. NELHS provided residential facilities for students on campus, and represented that adult supervisors were present in the residential dormitories, and that students with special needs could be accommodated and monitored.

5. The negligence that is alleged to have occurred in this instance occurred in Waco, York County, Nebraska. That John Doe and Jane Doe at all times relevant to this action were acting in the course and scope of their employment with one of the other named defendants or were otherwise responsible for directing and supervising the actions of others in regard to the care and treatment of Zachary Ray Steele.

6. The Court has jurisdiction under 28 U.S.C. §§1331 and 1332 because the claims asserted herein raise federal questions arising under the laws of the United States, and because Plaintiffs Zachary Ray Steele, Mary Catherine Steele, and Mark Steele are citizens of different states than all the defendants, and the matter in controversy exceeds the value of $75,000.00.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. The plaintiff incorporates by this reference the allegations contained in paragraphs 1-7 above with the same force and effect as if fully set forth herein.

9. That in 2015 the parents of Zachary Ray Steele were looking for a Christian secondary school where they could send their son to advance his education. After receiving a referral to the

NELHS the parents met with and discussed the special needs of their son in order to determine if the school had the capability to provide for his medications and other needs.

10. That after setting forth the medications required by their son and the medical issues that would need to be dealt with during his time on campus, the parents were given assurances by school administrators that the school had the staff and capability for maintaining the medication regimen and attending to the other special needs of their son.

11. That in December 2015 the plaintiff was enrolled in NELHS and became a resident in the student dormitory provided as part of the housing operated by the school. From that point forward, school employees began to administer the medications prescribed to the plaintiff in accord with the recommendation from the prescribing physician.

12. In January 2015 the plaintiff began to experience confusion, dizziness and diarrhea. On or about January 26 or 27, 2015 the personnel at NELHS added Imodium to the medication regimen. The plaintiff continued to suffer from diarrhea, but was not taken to a physician, despite his worsening dehydration.

13. That it was not until February 5, 2015 that school personnel transported the plaintiff to York Medical Clinic, where he was examined by a physician for an evaluation of the ongoing diarrhea. While at the York Medical Clinic various lab work was performed to rule out potential infectious causes for the diarrhea. On February 6, 2015, the plaintiff displayed mental status changes, tremor, and abnormal gait. The lab work revealed that the plaintiff had toxic levels of lithium in his system, elevated potassium, and diminished renal function, however, an infectious cause was ruled out.

14. After beginning fluid and electrolyte therapy, the plaintiff was transported to Children's Hospital in Omaha, Nebraska, where he was started on dialysis and management of his

electrolytes. The plaintiff remained in the hospital until February 16, 2015 due to complications, including aspiration pneumonia, which necessitated mechanical ventilation. Upon discharge, the plaintiff returned to his home in Arkansas. In the days following his return home the plaintiff suffered pulmonary emboli and developed peripheral neuropathy.

## NEGLIGENCE

15. The plaintiff incorporates by this reference the allegations contained in paragraphs 1-14 above with the same force and effect as if fully set forth herein.

16. That as a result of the failure of the Defendant's WELS and NELHS staff and employees to timely address the fluid loss occasioned by the plaintiff's diarrhea, the plaintiff became dehydrated, and the levels of his prescribed medications, specifically lithium, were allowed to reach toxic levels in his system resulting in severe injury and permanent damage.

17. That the defendants WELS and NEHLS, and each of them, are liable for the negligent acts and omissions of their employees and staff that caused or directly contributed to cause the plaintiffs to suffer serious injury or damage.

18. That WELS and NEHLS, and John Doe and Jane Doe, acted negligently in one or more of the following:

    A. In representing to the parents of Zachary Ray Steele that the defendants had knowledgeable staff capable of providing appropriate and timely care to the plaintiff.

    B. In waiting 10 days to contact medical personnel to examine Zachary Ray Steele when they knew or should have known that he was becoming dehydrated.

      C. In failing to recognize that dehydration coupled with the plaintiff's required medication regimen compromised the plaintiff's health and safety

      D. In failing to have trained healthcare personnel available to consult on a timely basis once confronted with the plaintiff's change of status in January 2015.

19. As a direct and proximate result of the negligence of the defendants, and each of them, the plaintiffs have suffered damages, and incurred medical expense in excess of $146,000.00.

## JURY DEMAND

20. Plaintiffs hereby repeat their demand for a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendants, and each of them, for special damages for medical bills incurred; the loss of earnings; and monetary damages and expenses incurred as a direct result of Defendants' negligence. Plaintiffs also pray for judgment against Defendants, each of them, for general damages, including the mental pain and suffering for injuries sustained in and arising from the toxic event; and for all reasonable costs and expenses of this litigation and other relief as this Court deems necessary, just, and proper.

ZACHARY RAY STEELE,
MARY CATHERINE STEELE and
MARK STEELE, Plaintiffs,

---

TERRENCE J. SALERNO #16035
809 N 96th Street, Suite 100
Omaha, Nebraska 68114
(402) 502-9002
(402) 991-0037

Brian Wood
ROY, LAMBERT, LOVELACE,
BINGAMAN & WOOD, LLP
P.O. Drawer 7030
Springdale, AR 72766-7030
(479) 756-8510
(479) 756-8562 (fax)

Attorneys for the Plaintiffs

TO THE CLERK OF SAID COURT:

Please issue summons in the above entitled matter for service upon Defendants as follows:

Mark G. Schroeder
WELS
N16W23377 Stone Ridge Drive
Waukeshia WI 53188-1108

Steve Bremer Principle
Nebraska Evangelical Lutheran High School
203 Kendall Street
Waco NE 68460

Service will be made via certified mail, return receipt requested.